UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-61480-CV-COHN

AMERISURE INSURANCE COMPANY and
AMERISURE MUTUAL INSURANCE COMPANY,

Magistrate Judge Seltzer

     Plaintiff,

vs.

KENROY WALKER, JBI, INC., JOHN JAY
BIGGIE, JR., MARIA PAREDES-BIGGIE,
and DYNAMIC MASONRY, INC.,

     Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO COUNTS III AND IV

**THIS CAUSE** is before the Court upon Plaintiff Amerisure Mutual Insurance

Company's Motion for Final Summary Judgment [DE 36], Defendants JBI, Inc., John Jay

Biggie, Jr., and Maria Paredes-Biggie's Response in Opposition [DE 42], Defendant

Kenroy Walker's Response in Opposition [DE 43], and Plaintiff's Reply [DE 47].  The

Court has carefully considered the motion, responses, and reply, and is otherwise fully

advised in the premises.

On July 5, 2011,  Amerisure Mutual Insurance Company and Amerisure

Insurance Company ("Plaintiffs") filed this declaratory judgment action to determine

whether there is a duty to defend and/or indemnify Defendant JBI under liability

insurance policies issued by Plaintiffs in connection with an underlying lawsuit filed by

Defendant Kenroy Walker ("Walker")  against the other Defendants in this case.

Plaintiffs have filed an Amended Complaint stating various claims, each of which seeks

to exclude coverage under either a Commercial General Liability ("CGL") policy or a

Workers' Compensation and Employers' Liability (WC/EL) policy issued to JBI.  Plaintiff

Amerisure Mutual Insurance Company has moved for final summary judgment as to

Counts III and IV of the Amended Complaint, which seek a declaration that Amerisure

Mutual owes no duty to defend and indemnify JBI, Inc. under the CGL because Walker

was an employee of JBI.

## I.  BACKGROUND

On August 3, 2006, while working for JBI on a construction site, Walker was

directed by his supervisor, Defendant John Jay Biggie, Jr. ("Biggie"), to climb up a

ladder to the top of a wall in order to put rebar into the wall.  Deposition of Kenroy

Walker at 181, Exhibit 20 to Plaintiffs' Notice of Filing Depositions and Discovery [DE

34-20].  Walker sat on top of the wall, which was not reinforced at that time, took the

rebar as handed to him by Biggie, and placed it into the wall.  Id. at 182-83.  Walker had

to move the ladder a few times and climb back up the wall to continue the process of

placing the rebar into the wall.  Id. at 185.  Walker testified that: "I believe I was coming

down the ladder to do the next wall when Mr. Biggie's phone rang.  And I just came on

down and moved the ladder from that wall to the next wall and go up on that wall to

drop the rebar in and then the wall collapse." Id. at 186.

Walker received serious injuries from this incident.  Walker filed several petitions

for workers' compensation benefits, ultimately resulting in a settlement of his workers'

compensation claim on December 10, 2008.  The settlement agreement and release

included a provision that the release only included the workers' compensation

coverage, and Walker's rights were "not released as to the extent of any other coverage

available to JBI, Inc. and/or John Bigge [sic]. . . ." Settlement Agreement and Release,

p.2, Exhibit 16 to Plaintiffs' Notice of Filing [DE 34-16].  The Agreement contemplated

that Walker "will be proceeding against Mr. Bigge individually and as owner/builder of the subject property and potentially against JBI, Inc. . . . and that this release shall in no way release or encumber in any way Mr. Walker's rights or claims arising from the subject accident . . . other than the specific claims/causes of actions released above." Id. at 2-3.  Finally, the Agreement stated that the it does not release JBI or Amerisure Insurance Company under the GCL policy.  Id. at 3.

On December 30, 2008, Walker filed suit in state court for his personal injuries. Eventually, his action included JBI, Biggie, his wife Maria Paredes-Biggie, and Dynamic Masonry, Inc.  Walker alleges in his state court complaint that he "was an employee of JBI, Inc. and/or John J. Biggie, Jr., and was a business invitee on the subject premises."  Third Amended Complaint (in state court action), ¶ 14, Exhibit C to Amended Complaint [DE 46-3].  The insurance policy language at issue in this declaratory judgment action states that exclusions to coverage include "any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." See CGL Policy, Commercial General Liability Coverage Form, Section I.2(d) [DE 46-1 at 9 of 77].  In addition, the policy excluded bodily injury to "an 'employee' of the insured arising out of and in the course of: (a) employment by the insured; or (b) performing duties related to the conduct of the insured's business.  Id., § 1.2(e)(1).  This exclusion applies "whether the insured may be liable as an employer or in any other capacity."  Id.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

4

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. No Duty or Coverage under Complaint

Plaintiff seeks a declaration that Walker's status as an employee, a fact previously undisputed in the litigation between the parties, including the Workmens' Compensation proceedings, excludes coverage and a duty to defend JBI in the underlying lawsuit. In opposition to this argument, Defendants rely upon the general Florida case law that states that the duty to defend is determined by examining the allegations in the complaint filed against the insured. Lime Tree Village Community Club Ass'n, Inc. v. State Farm General Ins. Co., 980 F.2d 1402, 1405 (11th Cir. 1993); Grissom v. Commercial Union Ins. Co., 610 So. 2d 1299, 1306-07 (Fla. Dist. Ct. App. 1992); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So. 2d 810, 813-14 (Fla. Dist. Ct. App. 1985). An insurer generally is obligated to defend the entire suit, even if the "complaint alleges facts showing two or more grounds for liability, one being within insurance coverage and the other not." Lime Tree, 980 F.2d at 1405 (citing Baron Oil, 470 So.2d at 813-14). Defendants contend that because Walker pled in the alternative in the underlying state court lawsuit that he was an employee of JBI, Inc. and was a business invitee on the subject premises, that the Plaintiff's motion must be denied.

A competing holding within Florida law is that where a policy exclusion is apparent from the face of the complaint, no duty to defend will be found. The Florida Fourth District Court of Appeal recently held that "[w]here the application of one or more policy exclusions applies to the face of the complaint, no duty to defend exists, even if the complaint alleges facts that would otherwise give rise to a covered claim." Chicago

Title Ins. Co. v. Northland Ins. Co., 31 So. 3d 214, 216 (Fla. Dist. Ct. App. 2010), rev.

dismissed, 44 So. 3d 107 (Fla. 2010); Keen v. Florida Sheriffs' Self-Insurance Fund,

962 So. 2d 1021, 1024 (Fla Dist. Ct. App. 2007).  In addition, "wording alone in a

pleading does not create a duty to defend, regardless of its artfulness.  State Farm Fire

& Cas. Co. v. Tippett, 864 So. 2d 31, 35 (Fla. Dist. Ct. App. 2003), rev. den., 885 So. 2d

389 (Fla. 2004).

Applying this case law to the present action, it is clear that if Walker is an

employee of JBI, any bodily injury he received as an employee is excluded from

coverage under the plain language of the CGL.  As quoted above, the complaint filed in

state court states that Walker was an employee, as well as a business invitee.  Bodily

injury to an employee is excluded from coverage.  The additional language of "business

invitee" does not create a duty to defend under Chicago Title Ins. Co., Keen, and

Tippett, because bodily injury of employees is excluded from coverage.

## C.  Judicial Estoppel

This conclusion is further supported by the doctrine of judicial estoppel. Plaintiff

does contend that this doctrine should apply to prevent Defendants from previously

litigating an action under the theory that Walker was an employee, but now attempting

to base an action upon his status as a business invitee.  The United States Supreme

Court has enumerated three non-exclusive factors that could be used in determining

whether to invoke judicial estoppel:

> [S]everal factors typically inform the decision whether to apply the doctrine
> in a particular case: First, a party's later position must be "clearly
> inconsistent" with its earlier position.  Second, courts regularly inquire
> whether the party has succeeded in persuading a court to accept that
> party's earlier position, so that judicial acceptance of an inconsistent

position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity.  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (internal citations omitted).

In this action, Walker was clearly acting as an employee of JBI at the construction site where he was injured.  To argue now that he was also a business invitee is clearly inconsistent with Walker's position in the earlier litigation.  That litigation was successful, ending in a large settlement for Walker's continuing care.  If not estopped, Walker would gain an unfair advantage over Plaintiffs in this coverage litigation, because JBI's CGL policy excluded coverage for employees.

### III.  CONCLUSION

This Court concludes that there are no disputed issues of material fact that the underlying state court complaint alleges that Walker was an employee of JBI, and therefore his injuries are excluded from the CGL policy because of his employee status.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.   Plaintiff Amerisure Mutual Insurance Company's Motion for Final Summary Judgment [DE 36] is hereby **GRANTED**;

2.   The Court will separately enter a partial declaratory judgment that Plaintiff Amerisure Mutual Insurance Company owes no duty to defend and indemnify JBI, Inc. under the CGL because Walker was an employee of JBI.

3.   The parties shall file a joint status report by December 9, 2011, regarding how, if

at all, this ruling affects the status of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 16th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record